F. G. GALE vs. ELMER F. DWYER.

Essex.   March 17, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

Contract, Performance and breach, Implied.   Practice, Civil, Auditor, Exceptions.
   Mistake.

An action of contract for breach of an oral agreement by the defendant to construct
   certain machine parts for a machine which the plaintiff had invented was heard
   by a judge without a jury upon an auditor's report as the only evidence.   The
   auditor found that, while the defendant did not proceed with the work as ex-
   peditiously as the plaintiff expected and " as perhaps he might have done," he
   (the auditor) "was not able to find that there was any intentional delay on . . .
   [the defendant's] part or that the length of time taken was so unreasonable as to
   justify . . . [him] in assessing damages for the delay."   Held, that the judge was
   not bound to rule that the plaintiff was entitled to damages for the defendant's
   failure to perform his contract in workmanlike manner in the matter of time of
   production.
The declaration in the action above described included counts upon the express con-
   tract and a count for $1,600 alleged to have been had and received by the de-
   fendant to the plaintiff's use.   The auditor found that the defendant's employ-
   ment was on the basis of a charge for the time used, measured by the hour.   There
   was no finding that any time for which the defendant received compensation was
   not actually used, nor that the amounts paid exceeded the prices properly charge-
   able for the time employed, nor that the bills were fraudulently made for a sum in
   excess of that really due.   Held, that
      (1) The findings did not disclose whether the plaintiff knew of the facts re-
   ported when he made the payments;
      (2) The findings did not establish a payment, made under mistake of fact,
   of sums which were precise and definite and capable of ascertainment by
   compensation;
      (3) At most the findings established a breach of an express contract to do
   the work required in a reasonable time and with proper facilities, and re-
   covery could not be had therefor under an action for money had and received
   by the defendant to the plaintiff's use;
      (4) It could not have been ruled " That so much of the defendant's charge
   to the plaintiff as was in excess of what it should have been if the defendant had
   been properly equipped and his workmanship efficient is recoverable as an ele-
   ment of damage in favor of the plaintiff."
At the trial of the action above described, the auditor found that the plaintiff had
   incurred expenses " in connection with the development of the machine," prior
   to March 31, 1917, amounting to $16,776.21, and " if interest on the investment
   is a proper element of damage, it would amount to $167.76."   The machine was
   of an experimental nature; parts had to be changed; and it was not " in complete
   running order " a year later than March 31, 1917.   The judge refused, subject

to an exception by the plaintiff, to recognize a claim by the plaintiff to interest on his investment in the machine for which the parts were made based upon a contention that, owing to unskilful workmanship by the defendant, a large number of parts could not be used, some had to be changed, and others were so constructed as to necessitate alterations in the machine for which they were designed. The record furnished no basis from which it could be determined what part of the large amount expended by the plaintiff was used in experiments or was caused by changes in the machine nor any basis from which it could be determined that any particular part of the plaintiff's investment was of such a nature that the delay caused by these changes resulted in a loss to the plaintiff in a return upon any particular part of the money so paid out by him. *Held,* that the exception must be overruled.

In the action above described, the bill of exceptions stated that the judge granted certain requests of the plaintiff which amounted to findings of specific items amounting to $743.31 as damage, but that in his memorandum of findings he "erroneously takes the figures stated in the auditor's report as $563.51 as the total of these findings. . . . The plaintiff duly excepted to this ruling or finding." The defendant contended that the finding by the judge was correct and attempted to justify it by other findings in the auditor's report. *Held,* that

(1) The bill of exceptions disclosed error and the exceptions must be sustained;

(2) All the facts being before this court, judgment was ordered for the plaintiff under G. L. c. 231, § 124, for the sum found by the judge when he granted the requests of the plaintiff in question, plus interest from the date of the writ.

CONTRACT for the breach of an oral contract for the construction of certain machine parts for a machine embodying an invention belonging to the plaintiff, the declaration being in three counts, the first and the third of which were upon the express contract, and the second for $1,600 alleged to have been had and received by the defendant to the plaintiff's use. Writ dated June 14, 1917.

There was a cross action between the same parties. The two actions were referred to and were heard together by an auditor. Material findings of the auditor are described in the opinion. The actions afterward were heard together by *Lawton,* J., upon the auditor's report as the only evidence. The plaintiff made forty-nine requests for findings and rulings, among which were the following:

"44. That the interest on the plaintiff's investment was a proper element of damage in favor of the plaintiff.

"45. That the only evidence in the case which was not contradicted was that there was a delay of three months caused by the defendant's fault.

"46. That on the subordinate findings, the concluding finding relative to the damage on account of delay should be for a period of three months or $251.64 instead of the sum of $167.76 being figured at the rate of two months.

"47. That the plaintiff was entitled to damages for the defendant's failure to perform his contract in workmanlike manner in the matter of time of production.

"48. That so much of the defendant's charge to the plaintiff as was in excess of what it should have been if the defendant had been properly equipped and his workmanship efficient was recoverable as an element of damage in favor of the plaintiff."

Such specific facts as were found by the judge and are material are described in the opinion. There was a general finding for the plaintiff in this action in the sum of $660.91 and interest amounting to $119.29, making in all $780.20. The plaintiff alleged exceptions.

*H. A. Bowen,* for the plaintiff.

*F. V. McCarthy,* for the defendant.

JENNEY, J. This is an action in which F. G. Gale claims damages from Elmer F. Dwyer for failure to comply with a contract for making machine parts. The declaration also contains a count for money had and received in which the plaintiff seeks to recover money alleged to have been paid under a mistake. The case was tried without a jury, the only evidence being an auditor's report. The exceptions purport to quote the portions of the report material to the questions involved. The judge found in favor of the plaintiff who, however, is the excepting party.

The plaintiff contends that he is aggrieved because the finding did not include damages caused by the defendant's unreasonable delay in performing the work. The auditor found that while the defendant did not proceed with the work as expeditiously as the plaintiff expected and "as perhaps he might have done," he (the auditor) "was not able to find that there was any intentional delay on . . . [the defendant's] part or that the length of time taken was so unreasonable as to justify . . . [him] in assessing damages for the delay." The subsidiary findings of fact so far as set out in the record do not control this general finding. The exception relating to this subject must be overruled; and that to the judge's refusal to give request numbered 47 is not well taken for the same reason.

The plaintiff also argues that the failure to give him relief, because the amount he has paid the defendant for work under the contract was in excess of its reasonable cost, constituted error; and that his request for ruling numbered 48, addressed to the same subject, should have been given. The auditor found that the defendant's employment was on the basis of a charge for the time used, measured by the hour. There was no finding that any time for which the defendant received compensation was not actually used, or that the amounts paid exceeded the prices properly chargeable for the time employed, or that the bills were fraudulently made for a sum in excess of that really due. The plaintiff's contention under his bill of exceptions is that he can recover upon his count for money had and received because the time actually employed was grossly in excess of what would have been necessary if the defendant's shop had been properly equipped or his workmen efficient. The auditor found that the defendant " because of the inferior quality of his machines, or the poor workmanship of his employees, or lack of system, or some other cause, did use more time than the work should properly have called for," and further found that "this time was at least one thousand hours, at an average price of seventy-five cents per hour." The quoted portions of the report do not disclose whether the plaintiff knew of these facts when the payments were made. These findings fall far short of establishing the payment made under mistake of fact of precise and definite sums capable of ascertainment by computation. The money was received under a claim of right, and was for time actually employed and at the agreed prices. At the most the findings establish a breach of contract to do the work required in a reasonable time and with proper facilities. Assumpsit is not the proper form of action to recover such damages, as there was no promise express or implied on the part of the defendant to pay any definite sum or one capable of ascertainment by a computation. *Miner* v. *Bradley*, 22 Pick. 457. *Hill* v. *Rewee*, 11 Met. 268. *Mansfield* v. *Trigg*, 113 Mass. 350. See *Jordan* v. *Phelps*, 3 Cush. 545, 548; *Benson* v. *Monroe*, 7 Cush. 125. The exceptions relating to this subject are overruled.

The plaintiff also excepts to the refusal of the court to give him interest on his investment in the machine for which the parts were made, because owing to unskilful workmanship, a large number of

parts could not be used; some had to be changed; and others were so constructed as to necessitate alterations in the machine for which they were designed. The auditor found that the plaintiff had incurred expenses "in connection with the development of the machine," prior to March 31, 1917, amounting to $16,776.21. He further finds: "if interest on the investment is a proper element of damage, it would amount to $167.76." The plaintiff claims that he is entitled to interest for a larger amount; the latter contention need not be considered. He relies on *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220. On the record this case is not within the principle there stated. The machine was of an experimental nature; parts had to be changed; and it was not "in complete running order" a year later than March 31, 1917. The exceptions furnish no basis from which it can be determined what part of the large amount expended was used in experiments or was caused by changes in the machine. They furnish no basis from which it can be determined that any particular part of the plaintiff's investment was of such a nature that the delay caused by these changes resulted in a loss to the plaintiff in a return upon any particular part of the money so paid out by him. The machine for which parts were designed is not described in the exceptions, and the nature and details of items of expense are not given. The exceptions to the refusal to give requests numbered 44, 45 and 46 and the general exception relating to this subject are overruled.

The remaining exceptions relate to an inaccuracy in the amount found. As to this the exceptions state, "the court gave the first forty-three requests. They aggregate $743.31 without interest. In his memorandum, the presiding justice erroneously takes the figure stated in the auditor's report as $563.51 as the total of these findings. . . . The plaintiff duly excepted to this ruling or finding." The defendant, however, argues that the finding of the judge was correct and endeavors to support this contention by reference to parts of the auditor's report not included in the bill of exceptions. This contention cannot avail. The bill of exceptions declares error, and its allowance by the judge establishes the truth of the exceptions. *Posell* v. *Herscovitz*, 237 Mass. 513. It is evident that there was a clerical error. This exception must be sustained; and, all the facts being before us, there is no necessity

of a new trial as judgment for the proper amount can be entered under G. L. c. 231, § 124.

The plaintiff's exceptions are sustained and judgment ordered for the plaintiff for $743.31 with interest from June 14, 1917, the date of the writ.

*So ordered.*