JOSEPH B. ABRAMS *vs.* ELIAS M. LOEW.

Suffolk.   November 8, 1956. — December 3, 1956.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Attorney at Law.   Interest.   Words,* "Trial," "Settlement."

The evidence in an action by an attorney at law for services rendered to the defendant as libellant in a divorce case in which the plaintiff was retained after it had been commenced and had been in charge of another attorney warranted a finding that, regardless of what arrangement as to compensation was originally made between the plaintiff and the defendant when the plaintiff was retained, they eventually agreed that the plaintiff should be paid fairly for his work, and supported the amount of a finding for the plaintiff for services in preparation for trial, in taking part in a property settlement, and in trying the case as an uncontested matter.   [98–100]

In an action by an attorney at law for services rendered to the defendant, it was proper to include in the amount of a finding for the plaintiff interest from the date of the writ on a sum awarded to him as fair compensation for his services.   [100]

---

CONTRACT. Writ in the Superior Court dated December 27, 1949.

The action was heard without jury by *Forte*, J.

*Charles M. Goldman*, (*Chris Byron* with him,) for the defendant.

*Samuel P. Sears*, for the plaintiff.

WHITTEMORE, J. This action at law to recover for legal services was heard by a judge in the Superior Court. The defendant excepted to the finding for the plaintiff for $6,000 with interest from the date of the writ, a total of $7,402.50, and to the giving and refusal of requests for rulings.

The services were rendered by the plaintiff in December, 1947, in connection with a divorce libel brought by the defendant. The libel had been filed by another attorney who was in charge of the case when the defendant sought to retain the plaintiff also. The plaintiff did work in preparation for trial in the period from December 15, 1947, to December 29, 1947, and tried the case as an uncontested matter on December 29. A decree nisi was entered on January 5, 1948.

The defendant testified in substance that prior to being retained the plaintiff said he wanted $5,000 if the case was tried and if there was no trial the plaintiff would charge what the defendant thought was fair.

The plaintiff's testimony was to the effect that it was understood that he was to be paid $5,000 to "sit in" with the other attorney for the trial of the case and what was fair for his work if the case was settled. The plaintiff contends that the property settlement which resulted in the decision of the libellee not to contest was not a settlement under the contract, that he was not bound by the $5,000 figure as he did not "sit in," and that under a new arrangement he did act as chief counsel.

The trial judge denied a request of the defendant to rule that "upon all the evidence the defendant's divorce case was settled" stating as the ground of denial that "all that was settled between the parties was that the libellee would

not contest the divorce libel." He also ruled that "the original agreement between the parties that the plaintiff was to get $5,000 for 'sitting' with the defendant's then counsel was mutually cancelled and discharged by the parties when the parties agreed that the plaintiff was to become the trial counsel." The reference was to conversations on December 26 and 28, 1947, in the first of which the defendant in response to the plaintiff's inquiry said that the plaintiff was to try the case. In the second conversation, according to the plaintiff, when the plaintiff asked for his retainer check, the defendant answered, "What are you worrying about? You will get paid what is fair. Come on, let's get ready." The plaintiff testified that he "proceeded on that basis." Other requests were given and denied consistently with these rulings.

We are inclined to agree with the defendant that as used by the parties "trial" meant a contested hearing and "settlement" meant disposition by agreement of those matters which the libellee would require to be settled as a condition to deciding not to contest. Manifestly no divorce can be had by agreement and without the presentation to the court of sufficient evidence to permit the entry of a decree. Hence even with settlement a hearing would be required. It is unlikely that the parties would have used the word "settlement" if what they had in mind was abandonment of the proceedings or reconciliation. The plaintiff testified that he and the defendant "never got around to the point of discussing what was to happen if the whole procedure was dropped." But the case, however, does not turn on the construction of the words "trial" and "settlement."

The result here is controlled by the trial judge's finding in effect that there was an agreement on December 28 which superseded whatever went before. There was evidence to support this even if the implied finding is not sustainable, that the original engagement of the plaintiff was only for the limited purpose of assisting the other attorney. The uncontroverted evidence is persuasive if not

compelling that the plaintiff's services were sought because a trial impended, and that the plaintiff was engaged to take charge of the case and to try it and so understood, and that he acted accordingly. The other attorney testified that he gave the papers to the plaintiff and on December 15, 1947, told him in substance that it was the plaintiff's case; that the other attorney was thereafter obligated to help the plaintiff but that the plaintiff "had the responsibility; that he was to try the case." The plaintiff confirmed that the attorney had told him that he was to try the case, and testified to a great deal of work from December 15 through December 28 in preparation for its trial; also that on December 23 he told the defendant in response to an inquiry as to how he was making out that "he was doing all right, and *that he had been working getting the line-up if the plaintiff was going to try the defendant's case*" (emphasis supplied). But it is also emphatically clear from the testimony that the plaintiff, having had disputes and litigation with the defendant over fees for prior services, had made it a condition of his engagement that he should be paid $5,000 before entering the court room. The testimony supports the view that on December 28 the plaintiff asked for the retainer which he had specified, a trial being then in prospect, and that in lieu of paying the retainer the defendant then agreed to pay the plaintiff what was fair for the work which the plaintiff had done and which remained to be done.

We need not determine therefore whether as matter of law the evidence permitted a finding that the plaintiff, as originally employed, was to do less than try the case if it came to trial. The evidence on either aspect of the facts relevant to the issue sustains the view that there was an undertaking for good consideration on December 28 to pay fairly for the plaintiff's work. It is not important whether the consideration was the plaintiff's waiver of the retainer, or the plaintiff's commitment to do more than he had earlier undertaken to do.

On the issue of fair value, the plaintiff's agreement to charge $5,000 to assist another in a contested trial mani-

festly would not be conclusive against him that he would be entitled to no more than this for taking full responsibility for a prospective contest, trying it as an uncontested case and carrying the matter through to a successful conclusion. Nor is an agreement to try a case for $5,000, paid in advance, conclusive that the plaintiff may not receive more than this if he takes his chances on a determination of what is the fair value of whatever in fact is done, to be made after the event.

The evidence of services performed, the results, the importance of the case and amount involved in the property settlement, in the making and successful conclusion of which the plaintiff had some part, is such that it was open to the trial judge to find that $6,000 was fair compensation. See *Ryder* v. *Warren*, 295 Mass. 24, 28. There would be no basis for holding that it is excessive and unreasonable as matter of law. *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 569.

The inclusion of interest from the date of the writ was in accordance with the usual rule where the claim is unliquidated in amount. *Childs* v. *Krey*, 199 Mass. 352, 358. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 222.

What we have said makes it unnecessary to consider other requests which were not given. The plaintiff's conduct in sending a bill of $10,000 and suing for $20,000 for the services rendered is not such as to bar his recovery.

*Exceptions overruled.*