LEON RUBIN *vs.* REYNOLD A. TAYLOR.

Suffolk.   March 15, 1973. — April 4, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Attorney at Law.   Contract*, For compensation of attorney.   *Practice, Civil*, Auditor.

Where an auditor whose findings were to be final made subsidiary findings in an action on the critical questions of the time actually spent by the plaintiff as an attorney on the problems of the defendant and the fair and reasonable value of that time, and the defendant did not challenge either of the determinations made by the auditor, there was no error in the denial of the defendant's motion to recommit the auditor's report to obtain additional findings descriptive of the actual work performed by the plaintiff. [209-212]

In an action by an attorney for legal services rendered to the defendant under an express agreement that the plaintiff should be compensated "strictly on a time basis," subsidiary findings by an auditor as to the efforts exerted and the work performed and the time spent by the plaintiff, who kept accurate and adequate records, supported the auditor's finding of the value of the plaintiff's services, and warranted recovery of such amount by the plaintiff; the degree of success achieved by him was not of compelling significance. [211-213]

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 20, 1967.

Upon removal to the Superior Court, the action was heard by *Paquet,* J., upon an auditor's report.

*Albert W. Wunderly* for the defendant.

*Alfred Sigel (Leon Rubin* with him) for the plaintiff.

GRANT, J. This action to recover the value of legal services rendered to the defendant is before us on the report of an auditor (whose findings of fact were to be final), and on the defendant's exceptions to the denial of his motion to recommit the auditor's report, to the allowance of the plaintiff's motion for judgment on the auditor's report and to the ensuing order for judgment. In addition, the plaintiff has appealed (*LiDonni, Inc.* v. *Hart,* 355 Mass. 580, 581) from what he claims to be an arithmetic error in the computation of the damages made by the Superior Court and set out in the order for judgment.

The defendant does not challenge any of the following subsidiary findings of fact made by the auditor. It was in 1962 that the defendant first consulted the plaintiff, an attorney at law with offices in Quincy who had been a member of the bar since 1929, with reference to an alleged claim against the defendant's father and mother for something in excess of $100,000 of the defendant's money supposedly misappropriated by them and with reference to a certain parcel of real estate in Falmouth standing in the name of the defendant's father and then stepmother which the defendant claimed to be rightfully his. The plaintiff at that time informed the defendant that he did not believe the defendant had a valid claim to recover the real estate and attempted to discourage the defendant from proceeding against his father. The defendant, in disregard of the plaintiff's advice, went to a second attorney, who in 1963 brought a bill in equity against the defendant's father and stepmother, their attorney, and subsequent purchasers of the Falmouth real estate seeking a reconveyance of the property to the defendant, and an accounting. In August of 1965 the second attorney brought an action against the defendant to recover for the legal services he had rendered to the defendant and notified him that he was withdrawing his appearance in the equity proceeding, which was then still pending.

On August 26, 1965, the defendant returned to the plaintiff and pleaded with the plaintiff to represent him in the defence of the action brought against him by the second attorney, in the prosecution of the bill in equity, and in such other matters as might be required. The plaintiff was reluctant to represent the defendant but agreed to enter his appearance in both the pending proceedings. He advised the defendant to accept the best money offer he could get in the equity proceeding in order to save himself additional expense, as the plaintiff believed the defendant's chances of securing the Falmouth property were negligible. The defendant was adamant and insisted upon pursuing the property and "agreed at that time to compensate the plaintiff for all time spent on his matters." The plaintiff requested and received a retainer and "agreed to represent . . . [the defendant] *strictly on a time basis*; . . . the defendant at the time agreed and promised to pay the plaintiff for the time spent on his behalf and this promise was repeated on several occasions thereafter, whenever the plaintiff complained about all the time being spent" (emphasis supplied).

The plaintiff filed his appearance in the defendant's behalf in the two proceedings then pending. His representation of the defendant was later extended to the defence of another action brought against him by the defendant's stepmother (by then acting as the administratrix of the estate of the defendant's father), to the recovery by the defendant of certain shares of stock held in the father's estate, and to certain other matters extraneous to the litigation. The defendant "was made aware of the time which was being spent . . . and for which the defendant agreed to pay. The defendant was a most difficult client to deal with."

The plaintiff kept accurate and adequate records of the actual time spent by him in conferring with the defendant, in preparing for trials, in the preparation of necessary pleadings, and in connection with the number of days spent in court in the defendant's behalf, either on trial or in connection with various interlocutory matters. "The

plaintiff exerted his best efforts for the defendant and conscientiously performed all that he was asked and required to do in a highly professional, competent manner."

The auditor made specific findings as to the initial retainer received by the plaintiff, as to total number of hours spent by the plaintiff outside of court during the period from and including August 26, 1965, through April 17, 1967, as to the number of days spent by the plaintiff in court during the same period,[1] and as to the total amount paid by the defendant on account in addition to the retainer. He made separate findings of what he considered were "fair and reasonable" charges for an hour of time spent outside of court and for each day of attendance in court, applied those charges to the times spent in the separate types of work, computed the total value of the plaintiff's services, deducted the amounts already paid by the defendant by way of the retainer and on account, and thus arrived at his finding of the plaintiff's damages.

1. The defendant sought by his motion to recommit the auditor's report to secure a more detailed description of the services actually rendered by the plaintiff than what appears from the foregoing summary of the auditor's subsidiary findings, and he now urges that it was error for the Superior Court to have denied his motion and to have decided the case without the benefit of such further descriptive findings. Stated most favorably to the defendant, the argument seems to be that without such further findings the court was not in a position to judge whether the services rendered by the plaintiff were of value to the defendant in the sense that they contributed to successful results.[2] While the fact and degree of success are important

---

[1] As we read the subsidiary findings in paragraphs 16, 18, 19 and 22 of the auditor's report, the plaintiff spent one hundred eighty-three hours outside of court, fourteen complete days on trial, and parts of two additional days in court on interlocutory matters.

[2] It may be inferred from exhibits attached to the auditor's report that the equity proceeding was determined adversely to the defendant. Although we are

factors to be considered, among others, in determining the value of legal services rendered to a client when there has been no prior agreement as to the means by which an attorney's compensation is to be determined (see *Abrams* v. *Loew*, 335 Mass. 96, 100; *Muldoon* v. *West End Chevrolet, Inc.* 338 Mass. 91, 96), we do not believe those factors are of compelling significance in the circumstances of the instant case. Here the plaintiff had originally advised the defendant of his opinion of the merits of what turned out to be a protracted complex of litigation and against the commencement of such litigation. When the defendant returned to the plaintiff for his assistance he was advised by the plaintiff to accept the best money offer obtainable in order to avoid further expense. The defendant insisted that the litigation be continued.

It was in the light of this background that the plaintiff asked, and the defendant expressly agreed, that the plaintiff should be compensated strictly on the basis of the time he should actually expend on the defendant's various problems. So long as the plaintiff should exert his best efforts for the defendant and conscientiously perform all that he was asked or required to do in a professional and competent manner, as the auditor found the plaintiff did, the amount of the plaintiff's compensation was not to depend on a success factor. In these circumstances the critical matters for determination by the auditor were the relatively simple ones of the time actually spent by the plaintiff on the defendant's problems and the fair and reasonable value of that time. The defendant does not challenge either of the determinations made by the auditor. Accordingly, although additional findings descriptive of the actual work performed by the plaintiff would have been appropriate and desirable, we cannot say that such findings were required as matter of law. See *Tzitzon Realty Co. Inc.* v. *Mustonen*, 352 Mass. 648, 651. Nor can we say on

told that the plaintiff succeeded in recovering certain shares of stock from the estate of the defendant's father, we are not advised as to the outcome of any of the other litigation in which the plaintiff was employed to represent the defendant.

this record that either the fee contract or the value of the plaintiff's services found by the auditor was excessive or unreasonable. See *McInerney* v. *Massasoit Greyhound Association, Inc*. 359 Mass. 339, 351.[3] The defendant's exceptions must, therefore, be overruled.

2. Our independent review of the subsidiary findings of the auditor (*United States Fidelity & Guaranty Co*. v. *English Construction Co*. 303 Mass. 105, 108-109) as to the time spent by the plaintiff on the defendant's problems (fn. 1 this opinion) leads us to conclude that there was an arithmetic error in the computation of the damages set out in the order for judgment (see *Goldstein* v. *Widett,* 360 Mass. 126, 132-133). The order is modified to set the damages due the plaintiff at $7,020.

> *Defendant's exceptions overruled.*
>
> *Order for judgment (as modified) affirmed.*

---

[3] See Disciplinary Rule 2-106 of the Canons of Ethics and Disciplinary Rules in the form adopted under Rule 3:22 of the Supreme Judicial Court which took effect on October 2, 1972, to apply to matters occurring on or after that date. 359 Mass. 807.