MARY A. GALLUZZO *vs.* DOMINIC J. GALLUZZO. June 30, 1981. Mary A. Galluzzo (wife) brought a complaint for divorce against Dominic J. Galluzzo (husband) on the ground of cruel and abusive treatment, and the husband filed a separate complaint for divorce on the same ground. The wife also filed an action for an accounting of the assets of an alleged partnership in a landscaping business which the husband had operated (with the clerical and bookkeeping assistance of the wife) during most of the thirty-nine years of their marriage. The judge, confirming the master's reports, granted both divorce complaints and denied the request for an accounting on the basis of the master's finding that the parties had not formed a partnership to conduct the landscaping business. The wife appeals from various provisions of the judgment in which she was granted

a divorce nisi, from the judgment granting the husband a divorce nisi, and from the judgment dismissing her complaint seeking an accounting.

As the evidence was not reported, the master's subsidiary findings "are binding upon us unless they are clearly erroneous, mutually inconsistent, contradictory or vitiated in view of the controlling law." *John F. Miller Co. v. George Fichera Constr. Corp.*, 7 Mass. App. Ct. 494, 495 (1979), and cases cited. *Perkins* v. *Rich*, 11 Mass. App. Ct. 317, 318 (1981), further appellate review granted, 383 Mass. 890 (1981). Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). We have reviewed carefully the master's findings of fact upon which the judgments were based and are unable to find support for the wife's contention that the findings with respect to the value of the landscaping business or with respect to the value of the real estate are mutually inconsistent or contradictory. Moreover, we agree with the master's conclusions, adopted by the judge, that the couple had not formed a partnership to conduct the landscaping business and that the husband should be granted a divorce on the ground of cruel and abusive treatment.

The wife cites no authority and we can find none for the proposition that the judge's decision that alimony should terminate when the husband retires amounts to an abuse of discretion under G. L. c. 208, § 37. Should the parties' circumstances diverge from that which the award reflects, either is free, under § 37, to seek a modification. Similarly, the wife fails to direct our attention to authority to establish that the failure to award attorney's fees in a case such as this was an abuse of discretion. See G. L. c. 208, § 38. Finally, we cannot say that the judge abused his discretion in refusing to order the husband to transfer to the wife certain bank accounts and life insurance policies held for the benefit of the parties' adult children. That is a matter between the husband and the children and, as the judge below noted, was not properly a subject of any division of marital assets under G. L. c. 208, § 34.

The remaining arguments raised by the wife relate to inaccuracies in certain calculations and to inconsistencies between the master's findings of fact and the judgments on the divorce complaints. We find no error in the master's recommended formula, adopted by the judge, awarding roughly half of the husband's assets to the wife (see *Rice* v. *Rice*, 372 Mass. 398 [1977]; *Belsky* v. *Belsky*, 9 Mass. App. Ct. 852 [1980]); we "go only so far as to correct his calculations." *Goldstein* v. *Widett*, 360 Mass. 126, 133 (1971). See *Gale* v. *Dwyer*, 238 Mass. 509, 513-514 (1921); *Rubin* v. *Taylor*, 1 Mass. App. Ct. 208, 213 (1973). We note, and the husband concedes, that the master's finding, adopted by the judge, that $211,089 represented the total of the husband's liquid assets was based on the husband's financial statement, which contained an arithmetical error. The proper calculation yields $223,089 as the total amount of liquid assets. Further, it is not clear that in calculating the value of certain life insurance policies, the master and, in turn, the judge included the

value of accumulated dividends in the amount of $3,989.23 in the husband's total assets. Such dividends constitute assets of the insured. The judge, following the master's findings, found the husband's total assets, including the value of the real estate and the landscaping business, to be $293,821, of which he awarded the wife $147,500, or 50.2% of the husband's assets. Correcting the arithmetical error and the possible omission of the life insurance dividends, the husband's total assets would appear to be $309,810.23. Following the same proportions as the original division of the assets, the wife would have been awarded $155,524.73. The judgments must also be modified to correct certain inconsistencies between the master's findings and those judgments. The husband agreed in his brief and at oral argument that the judgments should be modified, in conformity with the master's findings, to provide that the husband's duty to make alimony payments shall cease only upon his retirement. The husband's responsibility for one-half of the educational expenses of the couple's minor child over a four year period shall begin retroactive to the 1976-1977 academic year. This case is remanded for a determination whether the accumulated dividends have been included in the husband's assets, for recomputation of the division of assets, and the entry of new divorce judgments, all in conformity with this opinion. The judgment dismissing the wife's complaint seeking an accounting is affirmed.

*So ordered.*

*Matthew J. McDonnell (Philip J. O'Neill, Jr.,* with him) for Mary A. Galluzzo.
*Leonard M. Singer* for Dominic J. Galluzzo.