Kinder, C. Jeffrey, J.
In this action, plaintiff Michael Murray (“Murray”) seeks to collect fees for legal services he provided to defendants under separate contingency fee agreements. Murray advances three theories of recovery: breach of contract (Count I), quantum meruit (Count II), and fraud (Count III). Defendants move to dismiss the Complaint pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons stated below, the court finds that Murray’s claims are barred as a matter of law. Accordingly, the defendants’ Motion to Dismiss is ALLOWED.
BACKGROUND
James Rowse, Jr. (“Rowse”) is one of three trustees of the James A. Rowse, Sr. Grandchildren’s Trust, and Robert Ahearn (“Aheam”) is the sole trustee of the James A. Rowse, Jr. Family Trust. Beginning in early *423 2000, Rowse and Ahearn approached Murray about commencing a lawsuit on behalf of the trusts concerning their security holdings in Veryfine Products, Inc. (“Veiyfine”). At the time, Murray was a general practitioner with a background in criminal defense. Rowse and Ahearn informed Murray that their funds were limited and that they could only afford to prosecute the lawsuit on a contingency basis. Nevertheless, Murray agreed to represent the trusts, and the parties memorialized the arrangement in two agreements, both dated June 23, 2000.
Murray drafted both contracts similarly. The contingency terms called for Murray to receive a fee of “one-third (1/3) of all moneys recovered or obtained by settlement or judgment from, for, or on behalf of the Trust.” The agreement provided further that Murray would be entitled to “a fee computed on a time basis at a rate of six hundred dollars ($600.00) per hour[,]” in the event he was discharged without cause.
Between June 2000 and August 2003, Murray filed separate but identical actions against Veiyfine and its President and CEO, Samuel Rowse, in Middlesex Superior Court,[2] and he conducted discovery in those matters. Murray learned during the course of discovery that, contrary to Rowse’s representations in June 2000, Rowse actually possessed significant liquid assets due to a previous sale of Veiyfine stock in 1992. Consequently, Murray demanded that Rowse pay him $47,700, or he would cease working on the case. In June and July 2002, Rowse and Ahearn again agreed to Murray’s demands for payment, forwarding him another $5,000 each month. The relationship ended on August 20,2003, when Rowse and Ahearn met with Murray and ordered him to dismiss both cases. Murray complied with his clients’ instructions and thereafter sent a bill to Rowse and Ahearn for $450,555.70, based on the $600 hourly fee provided for in the contingency fee agreements. Rowse and Ahearn did not pay the bill but instead filed complaints with bar counsel.
After a hearing, the Board of Bar Overseers (“Board”) found that Murray had violated several provisions of the Massachusetts Rules of Professional Conduct during the course of his representation of Rowse and Ahearn, including Mass.R.Prof.C. 1.5(a) by: including a provision in the contingent fee agreement that called for an excessive fee on termination; collecting an excessive fee of $57,700 in contravention of the terms of the contingent fee agreement; and demanding payment for all his work at $600 per hour following his clients’ instruction to dismiss the lawsuits. The Board ordered Murray, among other things, to be disciplined by public reprimand and to return the $57,700 to his former clients. See BBO Case No. C4-04-0007, In re Michael P. Murray. Murray appealed the decision to a Single Justice of the Massachusetts Supreme Judicial Court (Botsford, J.), who upheld the Board’s findings and orders.
DISCUSSION
Dismissal of a complaint pursuant to Mass.RCiv.P. 12(b)(6) is appropriate when the plaintiff has failed to state a claim upon which relief may be granted. In considering whether a plaintiff has stated an adequate legal claim, the court must take all well-pleaded facts in the complaint as true and must draw reasonable inferences in favor of the plaintiff. See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004). The Supreme Judicial Court recently elaborated on the standard for evaluating complaints attacked on Rule 12(b)(6) grounds, conforming the Commonwealth’s requirements to those set forth by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007). See Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-36 (2008). Therefore, under Iannacchino, the plaintiff must present at the pleadings stage “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief,” and the plain statements of the complaint must “possess enough heft to show that the pleader is entitled to relief.” Iannacchino, 451 Mass. at 637, quoting Bell Atl. Corp., 550 U.S. at 555 (internal quotations omitted).
In light of findings made by the Board at Murray’s disciplinaiy hearings and Justice Botsford’s opinion in In re Michael P. Murray, BD-2008-048 (S.J.C. August 21, 2008), the court finds that the factual allegations and plain statements in the Complaint do not “plausibly suggest” that Murray is entitled to the requested relief.
Fee contracts that are excessive and unreasonable as a matter of law, Abrams v. Loew, 335 Mass. 96, 100 (1956), or that contravene public policy, McInerney v. Massasoit Greyhound Ass’n, 359 Mass. 339, 351-52 (1971), are unenforceable. The agreements Murray seeks to enforce are excessive and they frustrate public policy. The Board determined, and Justice Botsford agreed, that the $600 hourly fee was itself excessive,[3] and the fact that it was triggered by a fee-on-termination clause transformed the fee into a discharge penalty. Discharge penalties impair a client’s flexibility to make informed decisions about his representation and burden his unqualified right to choose and change his counsels. Malonis v. Harrington, 442 Mass. 692, 700-01 (2004). The court does not wish to endorse such contracts by enforcing the agreements at bar.
As a general rule, an attorney who is discharged has no right to recover on a contingent fee contract, but thereafter, the attorney may recover the reasonable value of his services on a theoiy of quantum meruit. Opert v. Mellios, 415 Mass. 634, 636-37 (1993). However, an attorney’s ethical misconduct during the course of representation may bar recoveiy in quantum meruit. See Kourouvacilis v. Am. Fed. of State, Cty. and Mun. Employees, 65 Mass.App.Ct. 521, 532 (2006). Here, Murray was disciplined not only for the fee-related violations of the Massachusetts Rules of Professional Conduct (Rule 1.5(a)), but also for seeking publicity about the lawsuits without his clients’ *424 knowledge or consent (Rule 1.4(a)) and for failing to inform his clients in a timely way about the counterclaims that had been filed against them (Rule 1.4(b)). Not coincidentally, Murray’s disregard for the canons of professional responsibility also imperiled his clients’ causes of action. See Kourouuacilis, 65 Mass.App.Ct. at 533. As a result, the court is persuaded that the seriousness of Murray’s ethical misconduct should bar recovery in quantum meruit.[4]
Similarly, the three-year statute of limitations bars Murray’s third and final theory of recovery, fraud. According to the Complaint, Rowse and Aheams fraudulently misrepresented the state of their finances in June 2000 in order to induce Murray to accept a contingency fee arrangement. Without passing on the merits of the claim, the court notes that Murray admits to learning “on or about February 2002" that Rowse possessed ’’significant liquid assets" at the time they entered into those agreements. Assuming that the February 2002 discovery is Murray’s basis of knowledge for alleging fraud, and he does not indicate otherwise in the Complaint, the cause of action accrued more than five years ago. See Kent v. Dupree, 13 Mass.App.Ct. 44, 45 (1982) (the cause of action accrues at the time a plaintiff learns or reasonably should have learned of the misrepresentation), citing Friedman v. Jablonski, 371 Mass. 482, 485-86 (1976). Under G.L.c. 260, §2A, however, torts, including fraudulent misrepresentation, “shall be commenced only within three years next after the cause of action accrues.” Because Murray commenced this action on September 23, 2008, more than two years after the three-year statute of limitations period expired, the fraud count must be dismissed.
ORDER
The court finds that plaintiffs claims are barred as a matter of law, and that the Complaint has failed to state a claim upon which relief can be granted. Therefore, the Complaint is ripe for dismissal pursuant to Massachusetts Rules of Civil Procedure Rule 12(b)(6). It is hereby ORDERED that defendant’s Motion to Dismiss is ALLOWED.

 James A. Rowse, Jr., Trustee et al. v. Samuel B. Rowse et al, No. MICV2000-4106, and Robert J. Ahearn, Trustee v. Samuel B. Rowse et al., No. MICV2000-4105. The complaints alleged mainly corporate wrongdoing and fraud. Both cases were dismissed on December 16, 2003.

According to the evidence in the record, $600 was far greater than any hourly fee Murray had charged his previous clients, and it was more than two times higher than the median fee charged for litigation services by attorneys practicing in the Worcester area.

It is worth noting that any award of fees in quantum meruit would fly in the face of equity and fairness in light of the $57,700 Murray was ordered to return to Rowse and Ahearn as a result of the disciplinary proceedings initiated against him.